UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**FILED**

SEP 17 2008

TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

FREDDY S. CAMPBELL                    )
                                      )
          Plaintiff,                  )
                                      )
     v.                               )     CIVIL ACTION NO. 2:08-1102
                                      )
                                      )
                                      )
                                      )
FRED BEANE, Detective,                )
     Metropolitan Drug                )
     Enforcement Network              )
     Team "MDENT"                     )
                                      )
SERGEANT NAPIER, Detective,           )     COMPLAINT
     Metropolitan Drug                )
     Enforcement Network              )
     Team "MDENT"                     )
                                      )
DETECTIVE TAYLOR, Detective,          )
     Metropolitan Drug                )
     Enforcement Network              )
     Team "MDENT"                     )     JURY TRIAL DEMAND
                                      )
DETECTIVE PALMER, Detective,          )
     Metropolitan Drug                )
     Enforcement Network              )
     Team "MDENT"                     )
                                      )
VAN ARMSTRONG. Detective,             )
     Metropolitan Drug                )
     Enforcement Network              )
     Team "MDENT"                     )
                                      )
UNKNOWN OFFICERS,                     )
                                      )
          Defendants.                 )

## PRELIMINARY STATEMENT

This is a civil right action filed by Plaintiff Freddy S. Campbell, pro se, a federal inmate housed at the Federal Medical Center, Post Office Box 14500, Lexington, kentucky 40512.

This Complaint is for damages and relief arising from violations of the Fourth Amendment of the U.S. Constitution, Article III §6 of the West Virginia Constitution, Unreasonable Searches and Seizures; denial of Due Process of The Law which is secured by the Fifth and Fourteenth Amendment of the U.S. Constitution, Article 7 of the West Virginia Contraband Act, Forfeiture Act and Uniform Controlled Substance Act; Conspiracy against the rights of a citizen under the color of law Title 18 USC §§241,242; and fraud Title 18 USC 1001.

## PRO SE LITIGANT DISCLOSURE

Plaintiff has filed this complaint , pro se while the Court must liberally construe a pro se complaint, see Estelle v. Gamble, 429 U.S. 97, 106 97 S.Ct. 285, 50 L.Ed. 2d 251(1976), and a pro se complaint is subject to "less strigent standards than formal pleadings drafted by lawyers", see Haines v. Kerner, 404 U.s. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652(1972), It is not necessary that the Court quess intent of pro se parties. "Principles are not... without limits "and our precendent does not require courts to con-struct full blown claims from sentence fragments," See Beaudett v. City of Hampton, 775 F.2d 1274, 1278(4th Cir. 1985).

## JURISDICTION

1.  Jurisdiction before this Court is proper pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388, 29 L.Ed.2d 619, 91 S.Ct. 1999(1971);

2.  Jurisdiction is proper pursuant to 28 USC §1331 and 1343 (a)(3); as some of the issues imply Federal Question Jurisdiction;

3.  Jurisdiction is proper before this Court Pursuant to 18 USC §§241,242;

4.  Jurisdiction is proper before this Court pursuant to 18 USC §1001; and

5.  Jurisdiction is further proper pursuant to "the Courts supplemental jurisdiction over Plaintiff's state claims under 28 USC § 1367.

## PARTIES

6.  The Plaintiff, Freddy S. Campbell is a federal inmate presently serving a 140 months sentence imposed by the United States District Court, Southern District of West Virginia at Huntington.

7.  The Plaintiff is currently incarcerated at the Federal Medical Center, Post Office Box 14500, Lexington, Kentucky 40512.

8.  At all times mentioned the Defendants were acting "Under Color of State Law" and the constitutional violations took place in the Southern District of West Virginia, therefore, venue is proper to litigate this matter.

9.  Defendant Fred Beane is a Detective with the Metro Drug Unit and employed by the South Charleston Police Department. He was one of the arresting officers of the Plaintiff, involved in the search of the Plaintiff's apartments, and was the affiant of

-2-

of the search warrants.  He has a duty to place seized money in a interest-bearing depository insured by an agency of the federal government, file a petition for forfeiture within ninety days after the seizure of the property in question and a description of the property seized, and serve a copy upon the Plaintiff(owner). He also has the duty to insure that information on in an affidavit was not misleading. He duties also include to search only areas  described in the search warrant and to protect an individual's reasonable expectation of privacy. He has a duty to uphold the Constitution of the United States and also the State of West Virginia Constitution. This Defendant's address  is South Carleston Police Department 235 4th Avenue, South Charleston, West Virginia 25303.

10.   Defendant,Sergeant Napier is a Detective with the Metro Drug Enforcement Network Team(MDENT). He is one of the arresting officers of the Plaintiff, involved in the search of the Plaintiff's apartments. He has a duty to place seized money in an interest-bearing depository insured by an agency of the federal government, file a petition for forfeiture within ninty days after the seizure of the property in question and a description of the property seized, and serve a copy upon the Plaintiff(owner ), He also has the duty to insure that information on/in an affidavit is not misleading. He has a duty to search only the area prescribed in a search warrant and to protect an individual's reasonable expectation of privacy. He has a duty to uphold the Constitution of the United States of America and also the Constitution of the State of West Virginia. This Defendant's address is P.O. Box 2749, Charleston, West Virginia 25330.

-3-

11.   Defendant Palmer is a Detective with the Metro Drug Enforcement Network Team(MDENT). He is one of the arresting officers of the Plaintiff, involved in the search of the Plaintiff's apartments. He has a duty to place seized money in an interest-bearing depository insured by an agency of the federal government, file a petition for forfeiture within ninty days after the seizure of the property in question and a description of the property seized, and serve a copy upon the Plaintiff(owner). He also has the duty to insure that information on/in  an affidavit in not misleading. He has a dutyto search only area described in a search warrant and to protect an individual's"reasonable expectation of privacy." He has a duty to uphold the Constitution of the United States of America, and also the Constitution of the State of West Virginia. This Defdentant's address is P.O. Box 2749, Charleston, West Virginia 25330.

12.   Defendant Taylor is a Detective of the Metro Drug Enforcement Network Unit(MDENT). He is one of th e arresting officers of the Plaintiff, involved in the search of the Plaintiff's apartments. He has a duty to place seized money in an interest-bearing depository insured by an agency of the federal government,file a petition for forfeiture within ninty days after the seizure of the property in question and a description of the property seized, and serve a copy upon the Plaintiff(owner). He also has the duty to insure that information on/in an affidavit is not misleading. He has a duty to protect an individual's reasonable expectation of privacy. He has a duty to uphold the Constitution of the United States of America and also the Constitution of the State of West Virginia. This Defendant's address is P.O. Box 2749, Charleston, West Virginia 25330.

13.   Defendant Van Armstrong is a Detective with the Metro Drug enforcement Network Team(MDENT) and a member of the Charleston Police Department.  He was one of the arresting officers of the Plaintiff, involved in the search of the Plaintiff's apartments. He has a duty to place seized money in an interest-bearing depository insured by an agency of the federal govenment, file a petition for forfeiture within  ninty days after the seizure of the property in question, and a description of the property seized, and serve a copy upon the Plaintiff(owner). He also has a duty to insure that information on/in an affidavit is not misleading,  He has a duty to protect an individuals "reasonable expectation of privacy". He has a duty to uphold the Constitution of the United States of America and also the Constitution of the State of West Virginia. This Defendant's address is P.O. Box 2479, Charleston, West Virginia. 25330.

### FACTS

14.  On May 12, 2005, Plaintiff Freddy S. Campbell was arrested on drug charges. United States v. Campbell, No. 2:05-99120 (S.D.W.Va.). At the time of arrest the Plaintiff was in possession of $500 in prerecorded buy money and an additional $127. Search warrants are issued for two apartments, 241 Second Avenue Apt. B South Charleston, West Virginia, where the Plaintiff and also the Confidential Informant (Kendra Reed)who was the Plaintiff's girlfriend lived, and 1319 Lee Street East, Charleston, West Virginia a place which had no nexus with the sale to the Plaintiff's girlfriend and informant.  The warrants are issued by West Virginia Magistrate Judge Carol Fouley. On the Affidavit  to the search warrant stating that Kendra Reed the Plaintiff's angry girl friend and a "known Prostitute" that she had been to the Lee Street Apt.

-5-

a couple of days earlier and seen 6 ounces of cocaine in
a filing cabinet, while in fact she wasn't allowed to come
to the Plaintiff's apartment on Lee street because of her
previous stealing from the Plaintiff. The apartments were
seached and among things found in a filing cabiner in the Lee
Street Apartment were drugs, drug paraphernalia, and $5,020
of United States Currency in five bundles, Also found in the
apartment was a large jar containing $319.57 in coins( which
was not on the inventory sheet).

15.   Following the Plaintiff's arrest the government states
that the money seized from the apartments was converted into
one or more cashiers checks and given to the Marshal's Service
and deposited into the Marshals Service Seized Assets Deposit Fund
on June 5, 2005.

16.   On July 21, 2005, the Drug Enforcement Agency(DEA) sent
notices of the seizures to the Plaintiff's apartments, his court
appointed counsel, and the South Central Regional Jail, where the
Plaintiff was not incarcerated.  Therefore all notices were returned
undeliverable except for the notice sent to his counsel. Also the
notice was for the sum of $5,339.57.  The notice for $5,3339.57 was
published in the Wall Street Journal in August of 2005.  When the
Plaintiff who was in jail didn't make a claim to the property, the
DEA declared the currency forfeited on October 18, 2005. The Gov=
ernment conceded the $5,020 in U.S. Currency and the $319.57 in
U.S. coins were equally shared with the Metropolitan Drug En-
forcement Network Team(MDENT) on Noveber 14, 2005.  According to
the Government, the $127 taken from the Plaintiff's wallet was not
included in the DEA's administrative Forfeiture because it remained

-6-

in the possession of MDENT following the Plaintiff's arrest.

17.  On March 30, 2006 the Plaintiff payed a filing fee of $250 and filed an action to recover the funds at issue. Campbell v. United States, No. 2:06-cv-00237(S.D.W.Va.). At a conference held on November 7, 2006, the Government indicated it would file a Verified Complaint of ForFeiture In Rem. As a a result the Magistrate Judge recommended that the Plaintiff's action be dismissed.

18.  On January 12, 2006, the United States filed a Verified Complaint of Forfeiture in Rem, United States of America v. $5,446.57 More Or Less In United States Currency, seeking an order of forfeiture of currency and coins from the Petitioner's two apartments.  The currency and coins consisted as followers:

    1.  $5,020 located in a black bag in a file cabinet, seized at the Lee Street East Apt. Charleston WV.

    2.  $319.57 In U.S. coins, in a large container in the Lee Street East Apartment(which was not on the property receipt).

    3.  $127.00 in U.S. Currency in a wallet found on person of the Petitioner when arrested(which was not in the notice sent by DEA)

19.  In the Proposed Findings and Recommendations of the U.S Magistrate Judge, the Honorable Mary E. Stanley, dated February 13, 2008 it was determined that the $319.57 in U.S. coins weren't never included in the property receipt, and the $127.00 in U.S. Currency was never in the U.S. Marshal's Custody. This was the date these events became known to the Plaintiff. U.S. v $5,446.57 More Or Less in U.S. Cirrency.

20.  In a Memorandum Opinion dated April 9, 2008, United States of America v. $5,446.57 More or Less In U.S. Currency it was det-

ermined that the $127 which was taken from the Petitioner couldn't be located on November 2, 2007, 30 months after the currency was confissated from the Petitioner.

21.   In a United States Motion to Dismiss Sums of $319.57 and $127.00,Betty Pullin, Assistant U.S. Attorney states the Federal Court lack jurisidiction over the $127 in U.S. Currency, United States of America v. $5,466.57 More or Less in U.S. Currency.

22.   In a Judgment Order dated April 9, 2008, the  Honorable Judge Robert C. Chambers order the Government to returns the sums of $5,020 in U.S currency and $319.57 in U.S. coins which was confinscated from 1319 Lee Street Apt. 210 and for me to get the sum of $127 from the state of West Virginia.

23.   In a letter dated April 11, 2008 from Betty A. Pullin she advises the Petitioner to contact Detective Van Armstrong of MDENT to obtain the $127 from the state of West Virginia which had never given me notice of forfeiture and an opportunity to claim my property. As a result a Check from the city of South Charleston was sent to me three years after my money was taken without notice.

## CLAIM FOR RELIEF

24.   The failure of Defendants, Beane, Napier, Palmer, Taylor, and Armstrong to file for forfeiture of the seized property of $127 in U.S. Currency within ninty days after seizure of the pro-perty, and provide the Plaintiff(owner)with a copy of the petition; and provide the Plaintiff with a receipt of the $319.57 in U.S coins violated the Plaintiff's Due Process of Law which is guaranteed by

-8-

Fifth and Fourteenth Amendment of the United States Constitution, Article 7 of The West Virginia Constitution, The West Virginia Contraband Forfeiture Act §60A-7-705. All named defendants acted in bad faith by not placing $127 of seized money in an interest bearing depository insured by an agency of the federal government, as prescribed by the Uniform Controlled Substances Act, §60A-7-704.

25. Defendant Fred Beane, the affiate of the Search warrant committed purjury in violation of 18 USC 1001 by swearing to a affidavit knowing that Kendra Reed(known prostitute) lied about seeing 6 ounces of cocaine two days earilier at the Lee Street apartment which was not found in the search.

26. Defendant Van Armstrong committed perjury when he sworn in a affidavit that the Plaintiff was Known to the CI(Kendra Reed) and to the MDENT not to have any legitimate income to justify having the currency in a affidavit of the Verified Complaint of Forfeiture In Rem, United States v. $5,446.57 More or Less in United States Currency, in violation of 18 USC 1001.

27. Defendants Beane, Napier, Taylor, Palmer, and Armstrong conspired against the rights of a citizen with Kendra Reed and Under the Color of Law by them knowing that she was a (Known prost-itute and also was the girlfriend of the Plaintiff when they payed her to lie about seeing six ounces of cocaine in the Lee street apartment a couple of days earilier in order to satisfy the prongs of a search warrant.

28. Defendant Palmer conspired against the rights of a citizen under color of law with Kendra Reed and Andy Palmer (a relative of Detective Palmer who has very strong ties with local authorities and was also involved in a love triangle with Kendra Reed and the

Plaintiff. While the Plaintiff was being transfered to the South Charleston Police Department Sgt. Palmer called Andy Palmer and said "we just got your boy". Sergeant Palmer was the officer who had arrested Kendra in the past for prostitution and labeled her a"known prostitute". Therefore he knew she wasn't a reliable witness. He also knew that she was my girlfriend and was angry with me. He knew she was involved with his cousin Andy Palmer. By Sgt. Palmer knowing she wasn't reliabe and yet took her word or even coached her to say that she had been to the Lee Street Apartment, a place which had no nexus to the sale of crack at 241 2nd ave. South Charleston he conspired against the rights of a citizen and under color of law. By Sgt. Palmer not turning in the $127 in currency and payed it to Kendra Reed who had no legitimate income he conspired againt the rights of a citizen under the color of law.

29.   Defendant Taylor conspired against the rights of a citizen under color of law by paying Kendra Reed to lie about seeing six ounces of cocaine at the Lee Street Apt., a place where she hadn't been. While the Plaintiff was being held at South Charleston Police Department Det. Taylor tried to get the Plaintiff to sign a consent to search 1319 Lee St. Apt. 210 Charleston, West Virginia a place that had no nexus with the sale of crack a 241 Second Ave. South Charleston. After the Plaintiff wouldn't sign a consent for a search of the Lee Street Apartment Sgt. Taylor went storming out of the South Charleston Police Department shouting that he was going to get a search warrant anyway. He coached/payed Kendra Reed who had

no income to fabulate a story of seeing six ounces of cocaine at the Lee Street Apartment to justify the prongs of a search warrant.

30. Kendra Reed(known prostitute) had often boasted she had police officers as clients who would do anything she asked.

31. Defendant Beane, Napier, Taylor, Palmer and Armstrong violated the Plaintiff's Fourth Amendment of The United States Constitution by excuting a defective search warrant, without probable cause to search 1319 Lee Street Apartment 210, not providing the Plaintiff a receipt of the 319.57 in U.S. doins, searching in the Plaintiff's closet through personal possessions looking for evidence of a crime, and violating the Plaintiff's Expectation of privacy, at the Lee Street Apartment, a place which had no nexus to the crime which occured at 241 Second Ave. South Charleston, WV.

## PRAYER FOR RELIEF

32. WHEREFORE, plaintiff respectfully prays that this court enter judgment granting plaintiff;

33. A declaration that the acts and ommissions described herein violated Plaintiff's rights under the constitution and laws of the United States.

34. To sue each defendant in his individual capacity, jointly and severally for the mental anguish of depriving the Plaintiff of being able to invest his money and having the inconvience of having to pay the court cost to bring civil action to obtain his currency.

35. Award compensatory damages for mental anguish and deprivation of property of $500,000 against each defendant.

-11-

36.   Award punitive damages in the amount of $500,000 against each defendant.

37.   A jury trial on all issues triable by jury

38.   Plaintiff's cost of filing fee in the case Campbell v. United states of America, No. 2:06-CV-00237.

39.   Cost of this civil action

40.   Any sdditional relief this court deems just proper, and equitable.


Dated: _September 15, 2008_                 *Freddy S Campbell*
                                            Freddy S. Campbell, 05722-088
                                            Federal Medical Center
                                            P.O. Box 14500
                                            Lexington, Kentucky 40512



## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to the matters alleged on information and belief, and, as to those, I belive them to be true and correct.


Excuted at Lexington, kentucky on this __15__ day of _September_ 2008.


                                            *Freddy S Campbell*
                                            Freddy S. Campbell

## CERTIFICATE OF SERVICE

I, Freddy S. Campbell, hereby certify under penalty of perjury that a true and correct copy of the **COMPLAINT** and **MOTION TO HAVE FULL AMOUNT OF FILING FEE DEDUCTED FROM INMATE'S ACCOUNT** has been provided to the below-listed parties, by placing said documents in a postage envelope and mailing said envelope via United States mail on this _____15_____ day of _September_ 2008, to;

CLERK OF COURT
United States District Court
Southern District of West Virginia
P.O. Box 2546
Charleston, West Virginia 25329-2546

FILED

SEP 1 7 2008

TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

_Freddy S. Campbell_
Freddy S. Campbell, 05722-088
Federal Medical Center
P.O. Box 14500
Lexington, Kentucky 40512?



Freddy S. Campbell
05732-088
Federal Medical Center
P.O Box 14500
Lexington Kentucky 40512

15      2008      LEXINGTON, KY 405

Clerk of
United S
P. O Bo
Charles

Legal Mail Only