UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

FREDDY S. CAMPBELL,

        Plaintiff,

v.                                    Civil Action No.  2:08-cv-1102

FRED BEANE, Detective,
SERGEANT NAPIER, Detective,
DETECTIVE TAYLOR, DETECTIVE
PALMER, and VAN ARMSTRONG,
Detective, Metropolitan Drug
Enforcement Network Team,
"MDENT,"

        Defendants

MEMORANDUM OPINION AND ORDER

        Pending are a Motion to Dismiss filed by defendants

Napier, Taylor, Palmer and Armstrong on January 3, 2009, and a

Motion to Dismiss filed by defendant Beane on March 9, 2009.

        This action was previously referred to Mary E. Stanley,

United States Magistrate Judge, who on June 22, 2009 submitted

her Proposed Findings and Recommendation pursuant to the

provisions of 28 U.S.C. § 636(b)(1)(B).

        The court has reviewed the Proposed Findings and

Recommendation wherein the magistrate judge recommends that both

of the dispositive motions be granted and that this matter be

1

dismissed with prejudice.

On July 6, 2009, plaintiff objected.  Plaintiff contends that the magistrate judge erred in concluding that there were no bases to support (1) his due process claims regarding false information alleged by him to have been contained in the search warrant that led to incriminating evidence, and (2) his claimed constitutional and False Claims Act violations concerning his $127.00 that was seized from his person by law enforcement at the time of his arrest but allegedly not subjected to proper forfeiture procedures.  The magistrate judge specifically found that the information relied upon by the arresting officers, in toto and notwithstanding the allegedly false statement made by the informant, was sufficiently reliable to establish probable cause.  In any event, that claim was waived when the defendant pled guilty.  The court finds that the magistrate judge has fully and fittingly addressed this issue.

Concerning the $127.00, the magistrate judge correctly observed that inasmuch as this money was found on his person at the time of his lawful arrest it was not seized under the search warrant and neither was its seizure in violation of the Fourth Amendment.  Further, the magistrate judge aptly noted that plaintiff has not alleged the necessary elements to plead a False

Claims Act violation or a 42 U.S.C. 1985(3) claim.

Plaintiff was arrested on May 12, 2005, at which point the $127.00 was seized from his person.  Shortly thereafter, a search warrant was executed on his residence, at which time and place cash and coin in increments of $5,020.00 and $319.57 were seized.  Plaintiff filed his first lawsuit, <u>Campbell v. United States</u>, Case No. 2:06-cv-00237 (S.D. W. Va.), seeking the return of all of the seized money on March 30, 2006.  This suit was dismissed as moot by Judge Chambers on March 28, 2007 in light of a pending Verified Complaint of Forfeiture in Rem with respect to the same money filed by the United States on December 12, 2006, in which plaintiff asserted his interests in that property. <u>United States v. $5,466.57, More or Less in United States Currency</u>, Case No. 2:06-cv-01037 (S.D. W. Va.).

The $5,020.00 and the $319.57 were returned to plaintiff with interest pursuant to the order of Judge Chambers entered in the forfeiture proceeding on April 9, 2008.  Although Judge Chambers then also dismissed the $127.00 from the <u>in</u> <u>rem</u> proceeding, it was thereafter promptly returned on May 12, 2008. Interest on the $127.00, in the amount of $19.08, was not paid to plaintiff until January 2, 2009, being after plaintiff filed this action on September 17, 2008.  Plaintiff now alleges and seeks

3

recovery for injuries suffered as a result of the deprivation of his $127.00 and the measures he has taken to reclaim it, along with a host of other claims dealt with by the magistrate judge.

     In his complaint in this action, plaintiff does not assert any specific injury that is a direct result from the delay in the return of the $127.00.  In his Objections to Proposed Findings and Recommendation, however, the injuries he asserts that relate to the deprivation of the $127.00 appear to be based on what he alleges to be the necessity of filing the first lawsuit, for which he paid a $250.00 filing fee.  Plaintiff states that,

> [A]lthough the $127 was returned, only after ordered by the court, the Plaintiff had to endure the financial hardship of a $250 filing fee, the outrageous inflated high cost of copies, and the mental anguish of being confronted with both intricacies of the law and the advocacy of an experiencee [sic] attorney for the government.
>
> The Plaintiff avers the money wasn't returned in good faith and the Plaintiff was deprived of his money for three (3) years.  The interest was only returned after the Plaintiff had initiated the instant civil action on October 9, 2008 [sic: September 17, 2008].  The interest wasn't returned until January 2, 2009, and wasn't in good faith like the defendants concede.

(Pl.'s Objs. to Proposed Findings and Recommendations at 4.). Plaintiff, of course, filed that lawsuit not only to reclaim the $127.00, but also the $5,020.00 and $319.57 seized from his

residence.  That action was effectively superceded by the forfeiture proceeding, at the conclusion of which plaintiff received the $5020.00 and the $319.57 with interest.  The $127.00 was then promptly repaid, though without interest.

As noted, plaintiff then filed this action on September 17, 2008, setting out multiple causes of action relating to the allegedly improper search of his residence and seizure of the $5,020.00 and $319.57, as well as false arrest, conspiracy, and denial of equal protection of the law.  To these claims, plaintiff added one for the asserted mishandling of his $127.00 that had been repaid without interest.  Interest thereon of $19.08 has since been paid to plaintiff who has no other compensable injury.  Consequently, even if his procedural due process rights were violated by the alleged mishandling of the $127.00, he would at most be entitled only to nominal damages. See Carey v. Piphus, 435 U.S. 247, 266-67 (1978) (plaintiff was awarded nominal damages not to exceed one dollar when procedural due process was violated but there was no proof of actual injury).

Accordingly, following a de novo review, the court concludes that the magistrate judge has adequately addressed the issues in this case and that the recommended disposition is

correct.  The court, accordingly, ORDERS as follows:

1.  That the magistrate judge's Proposed Findings and Recommendation be, and it hereby is, adopted and incorporated herein; and

2.  That this matter be, and it hereby is, dismissed with prejudice.

The Clerk is directed to forward copies of this written opinion and order to counsel of record, the pro se plaintiff, and the United States Magistrate Judge.

DATED: September 30, 2009

John T. Copenhaver, Jr.
United States District Judge