UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

FREDDY S. CAMPBELL,

      Plaintiff,

v.                             Civil Action No. 2:08-1102

FRED BEANE, Detective,
SERGEANT NAPIER, Detective,
DETECTIVE TAYLOR, DETECTIVE
PALMER, and VAN ARMSTRONG,
Detective, Metropolitan Drug
Enforcement Network Team,
"MDENT,"

      Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

      Pending is the motion of the <u>pro</u> <u>se</u> plaintiff, Freddy S. Campbell, for relief from final judgment pursuant to Federal Rules of Civil Procedure 60(b)(4) and 60(d)(3), filed May 29, 2012.

I.

      Plaintiff filed his complaint on September 17, 2008, and the action was thereafter referred to Mary E. Stanley, United States Magistrate Judge.  On June 22, 2009, the magistrate judge issued proposed findings and recommendations, indicating that the matter should be dismissed with prejudice. The court adopted and incorporated the magistrate judge's

findings and recommendations pursuant to a memorandum opinion and order entered September 30, 2009.  See Campbell v. Beane et al., No. 2:08-cv-1102, 2009 WL 3190449 (S.D. W. Va. Sept. 30, 2009).  A judgment order of dismissal was entered the same day.  Plaintiff did not appeal.

II.

Plaintiff seeks relief pursuant to Federal Rules of Civil Procedure 60(b)(4) (void judgment) and 60(d)(3) (fraud on the court) on several grounds.  Campbell argues that the court "rendered a void judgment" by not ruling on his claims of "reasonable expectation of privacy," and "Due Process."  (Pl.'s Motion at 1).  Plaintiff also asserts that there was a fraud on the court.  Defendants respond that plaintiff's motion is little more than an attempt to relitigate claims dismissed with prejudice nearly three years ago, and further contend that plaintiff's allegations of fraud are wholly unrelated to the judgment at issue here.  (Defs.'s Resp. at 1-2).

Rule 60(b) provides as follows:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1)  mistake, inadvertence, surprise, or excusable neglect;

2

(2)   newly discovered evidence that, with reasonable
      diligence, could not have been discovered in time
      to move for a new trial under Rule 59(b);

(3)   fraud (whether previously called intrinsic or
      extrinsic), misrepresentation, or misconduct by
      an opposing party;

(4)   the judgment is void;

(5)   the judgment has been satisfied, released or
      discharged; it is based on an earlier judgment
      that has been reversed or vacated; or applying it
      prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).


In addition, "[t]his rule does not limit a court's
power to . . . set aside a judgment for fraud on the court."
Fed. R. Civ. P. 60(d)(3).


A.   Void Judgments


Defendants argue that plaintiff's motion is untimely.
Notwithstanding the "reasonable time" language of the rule, a
Rule 60(b)(4) motion may be brought at any time, unlike a motion
under Rule 60(b)(1)-(3), which must be brought within a
reasonable time not exceeding one year, or a motion under Rule
60(b)(5) or (6), which must simply be brought within a
reasonable time.  See Foster v. Arletty 3 Sarl, 278 F.3d 409,
414 (4th Cir. 2002) (noting that courts have found that a Rule

60(b)(4) motion "contains little, if any, time limit"); In re Heckert, 272 F.3d 253, 256-57 (4th Cir. 2001) (observing that Rule 60(b)(4) "is not subject to the reasonable time limitations imposed in the other provisions of Rule 60(b)").

Defendants also contend that plaintiff's motion lacks a meritorious defense and that setting aside judgment in this case would strongly prejudice defendants due to the long period of time that has passed since the events underlying the action took place.  Although our court of appeals has not expressly held that the other threshold requirements for a Rule 60(b) motion, including meritorious defense, lack of prejudice to the opposing party, and exceptional circumstances, apply to Rule 60(b)(4) motions, persuasive authority indicates that they should not.[1]  Other district courts in this circuit have also so

---

[1] In simplest terms, either a judgment is void or it is not. See 11 Wright and Miller, Federal Practice & Procedure, § 2862 (2d ed.).  The Fourth Circuit's use of de novo review indicates that the threshold requirements, which necessitate the use of discretion by the district court, are not applicable in these circumstances.  Moreover, in many of its Rule 60(b)(4) cases, our court of appeals has not mentioned such requirements.  See, e.g., Foster, 278 F.3d at 414; Heckert, 272 F.3d at 256-57; Fed. Deposit Ins. Corp. v. Schaffer, 731 F.2d 1134 (4th Cir. 1984); Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087 (4th Cir. 1984).  Other circuit courts have expressly declined to apply some or all of these requirements to Rule 60(b)(4) motions.  See, e.g., United States v. Boch Oldsmobile, Inc., 909 F.2d 657, 661 (1st Cir. 1990) (finding that regardless of timeliness, prejudice, or exceptional circumstances, under Rule

(Contin.).

concluded.[2]  Even so, plaintiff's motion would likely fail to overcome these initial barriers, as a discussion of the merits of the motion bears out.

An order is "void" for purposes of Rule 60(b)(4) "only if the court rendering the decision lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law."  <u>Wendt v. Leonard</u>, 431 F.3d 410, 412 (4th Cir. 2005).  "A judgment is not 'void' under Rule 60(b)(4) merely because it is erroneous."  <u>Cromer v. Kraft Foods North Am.</u>, 390 F.3d 812, 817 (4th Cir. 2004).  Thus, a litigant may not use a motion brought pursuant to Rule 60(b)(4) merely to challenge a result on the merits that he did not timely appeal.  <u>See</u> <u>Wendt</u>, 431 F.3d at 412 ("[W]e narrowly construe the concept of a 'void'

---

60(b)(4) relief must be granted if judgment is void); <u>Cent. Vermont Pub. Serv. Corp. v. Herbert</u>, 341 F.3d 186, 189 (2d Cir. 2003) (Rule 60(b)(4) motion may be brought at any time); <u>Carter v. Fenner</u>, 136 F.3d 1000, 1005 (5th Cir. 1998); <u>Jalapeno Prop. Mgt., LLC v. Dukas</u>, 265 F.3d 506, 515 (6th Cir. 2001); <u>Chambers v. Armontrout</u>, 16 F.3d 257, 260 (8th Cir. 1994); <u>Orner v. Shalala</u>, 30 F.3d 1307, 1310 (10th Cir. 1994); <u>Burke v. Smith</u>, 252 F.3d 1260, 1263 (11th Cir. 2001) (finding that Rule 60(b)(4) motions "leave no margin for consideration of the district court's discretion as the judgments themselves are by definition either legal nullities or not"); <u>Combs v. Nick Garin Trucking</u>, 825 F.2d 437, 441-42 (D.C. Cir. 1987) (same).

[2] <u>See</u> <u>Molinary v. Powell Mountain Coal Co., Inc.</u>, 76 F. Supp. 2d 695, 699 (W.D. Va. 1999); <u>Marquette Corp. v. Priester</u>, 234 F.Supp. 799, 802 (D.S.C. 1964); <u>Vinten v. Jeantot Marine Alliances, S.A.</u>, 191 F. Supp. 2d 642, 650-51 (D.S.C. 2002).

order under Rule 60(b)(4) precisely because of the threat to finality of judgments and the risk that litigants like Wendt will use Rule 60(b)(4) to circumvent an appeal process they elected not to follow."); see also Aikens, 652 F.3d at 501.

Plaintiff makes no claim that this court lacked subject matter jurisdiction when it entered judgment on September 30, 2009.  Instead, he argues that the judgment is void inasmuch as the court failed to address plaintiff's claimed Fourth Amendment and Due Process violations.  Even if this argument could carry the day, plaintiff is simply wrong that the court failed to address these claims.

With regard to the Fourth Amendment claim, the proposed findings and recommendation adopted by the court found that "Plaintiff should have filed a Motion to Suppress, or requested a hearing under Franks v. Delaware, 438 U.S. 154 (1978), to challenge information contained in the warrant applications." Campbell, 2009 WL 3190449 at *14.  Specific to the search of plaintiff's Lee Street residence, the magistrate judge concluded that plaintiff's "assertion that the Lee Street apartment had no nexus to his drug sales, and that, therefore, there was no probable cause to search that residence, lacks merit."  Id. at *15.  As the court further noted, plaintiff's due process claim was based on the failure to return in a timely

manner the $127.00 taken from him, and found that plaintiff asserted no injury related to this alleged violation.  Id. at *2.  Even had the court not addressed these issues, plaintiff cites to no authority indicating that a court's failure to address a particular assertion made in a party's pleading or responsive brief renders the resulting judgment void.  In any event, if plaintiff wished to argue error he had the option of seeking timely and direct review by the court of appeals, which he plainly failed to do.

Finally, plaintiff's allegations do not suggest that his due process rights were violated in the underlying civil proceeding.  To the extent plaintiff's motion suggests that such rights were violated, the alleged violations are identical to those raised by him in his complaint, not violations of due process within this legal proceeding.[3]  In short, plaintiff's assertion that the judgment is void is without merit.

---

[3] Compare Pl.'s Mot. at 6 ("Plaintiff had the hardship of producing $250 for filing fees for a forfeiture hearing to redeem the money which was confiscated") with Pl.'s Supp. Compl. ¶ 34 ("To sue each defendant in his individual and official capacity, jointly and severely for the mental anguish of depriving the Plaintiff of being able to invest his money and having the inconvenience of having to pay the court cost to bring civil action to obtain his currency."). Compare Pl.'s Mot. at 7 ("Plaintiff never received a receipt of the property notice of forfeiture within a timely manner.") with Pl.'s Supp.

(Contin.).

A.   Fraud on the Court

        Plaintiff next alleges fraud on the court.[4]  The
doctrine of fraud on the court is a principle to be narrowly
construed and applied, and it embraces "only that species of
fraud which does or attempts to, defile the court itself, or is
a fraud perpetrated by officers of the court so that the
judicial machinery can not perform in the usual manner its
impartial task of adjudging cases that are presented for
adjudication."  Great Coastal Express, Inc. v. Int'l Bhd. of
Teamsters, 675 F.2d 1349, 1356 (4th Cir. 1982) (internal
quotation marks omitted).[5]  A party asserting fraud on the court

---

Compl. ¶¶ 9-14 (alleging that each defendant had a duty to
provide him with a timely petition for forfeiture of property.)

[4] Although Rule 60(b)(3) allows a party to obtain relief from a
judgment on the basis of "fraud . . ., misrepresentation or
other misconduct of an adverse party," a motion under Rule
60(b)(3) must be made "not more than one year after the
judgment."  Inasmuch as Campbell filed this motion on May 29,
2012 -- more than two years after judgment was entered against
him on September 30, 2009 -- he cannot rely on Rule 60(b)(3) to
obtain relief from that judgment.

[5] The court explained as follows:

    The principal concern motivating narrow construction
    is that the otherwise nebulous concept of "fraud on
    the court" could easily overwhelm the specific
    provision of 60(b)(3) and its time limitation and
    thereby subvert the balance of equities contained in
    the Rule. Not all fraud is "fraud on the court." Thus
    "fraud on the court" is typically confined to the most

                                              (Contin.).

must establish that the conduct complained of was part of "a deliberate scheme to directly subvert the judicial process." Id.  Fraud must be established by clear and convincing evidence. See Square Const. Co. v. Washington, 657 F.2d 68, 71 (4th Cir. 1981); King v. First Am. Home Investigations, 287 F.3d 91, 95 (2d Cir. 2002).

Applying the legal standard to the facts described in the pending motion, plaintiff has not alleged fraud on the court concerning the 2008 and 2009 proceedings in this action. Nothing in plaintiff's motion suggests that any fraud was directed toward the judicial machinery in this case at any point.  Campbell contends that a fraud was perpetrated by way of a statement made by Kendra Reed that was subsequently used in the procurement of a search warrant for his Lee Street apartment in Kanawha County Magistrate Court.  (See Pl.'s Mot. at 8). This alleged fraud is precisely the same contention that plaintiff made in his complaint in this case.  (See Pl.'s Supp. Compl. ¶ 14).  The proposed findings and recommendation considered at length Reed's actions as part of whether the

egregious cases, such as bribery of a judge or juror, or improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially is directly impinged.

Great Coastal Express, 675 F.2d at 1357 (citations omitted).

9

officers acted reasonably in procuring the warrant.  <u>See</u>
<u>Campbell</u>, 2009 WL 3190449 at *14-15.  Because any fraud related
to Reed's statement occurred prior to the institution of this
action and was considered by the court in its ruling on
defendant's motion to dismiss, the alleged fraud was not
directed to the judicial process here and is thus irrelevant.

        An additional allegation of fraud not raised in
plaintiff's complaint is that the detectives and a Kanawha
County magistrate conspired to issue a defective search warrant.
Campbell makes the entirely unsupported allegation that
detectives "went to the corrupt County Magistrate instead of
ahState [sic] Judge or a United States Magistrate Judge (USMJ)
because [the detective] knew [Magistrate Fouty] would take a
bribe."  (Pl.'s Mot. at 8).  Plaintiff cites only to a newspaper
article published April 10, 2012, stating that Magistrate Fouty
was recently suspended by the Supreme Court of Appeals of West
Virginia for alleged conduct wholly unrelated to the issuance of
the search warrant for plaintiff's apartment.  No evidence
supports plaintiff's allegations of bribery.  To the extent that
fraud in the procurement of the warrant was fraud between the
parties, it would need to be addressed in a motion filed under
Rule 60(b)(3), which, as previously noted, would be time barred.

<u>See</u> <u>supra</u> note 1.  Plaintiff's fresh assertion of fraud is baseless.

III.

For the foregoing reasons, it is ORDERED that plaintiff's motion be, and it hereby is, denied.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and any unrepresented parties.

ENTER: July 23, 2012

John T. Copenhaver, Jr.
United States District Judge